UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROJECT ON GOVERNMENT OVERSIGHT, INC.,<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY,<br>*Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>Civil Action No. 22-2424 (ABJ) |

## ANSWER

Defendant, the U.S. Department of Homeland Security ("DHS" or "Defendant"), hereby answers Plaintiff's Complaint, ECF No. 1. Defendant denies each allegation of the Complaint not expressly admitted in its Answer and admits, denies, or otherwise responds to the numbered paragraphs of the Complaint as follows:

1.    The allegations contained in Paragraph 1 consist of Plaintiff's characterization of this action brought pursuant to the Freedom of Information Act ("FOIA") and its request for relief to which no response is required. To the extent that a response is deemed required, Defendant admits that Plaintiff purports to bring this action under the FOIA, 5 U.S.C. § 552, *et seq.* and denies all remaining allegations.

### JURISDICTION AND VENUE [1]

2.    The allegations contained in Paragraph 2 consist of legal conclusions regarding jurisdiction to which no response is required. To the extent that a response is deemed required,

---

[1]    For ease of reference, Defendant refers to Plaintiff's headings and titles, but to the extent those headings could be construed to contain factual allegations, those allegations are denied.

Defendant admits that this Court has subject matter jurisdiction over FOIA claims subject to the terms and limitations of the FOIA.

3.      The allegation contained in Paragraph 3 consists of a legal conclusion regarding venue to which no response is required.  To the extent that a response is deemed required, Defendant admits that venue is proper in this judicial district.

## PARTIES

4.      Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 4..

5.      Defendant only admits that it is a federal agency within the meaning of 5 U.S.C. § 552(f).  The remaining allegations contained in Paragraph 6 consist of legal conclusions to which no response is required.

## STATUTORY BACKGROUND

6.      The allegations contained in Paragraph 6 consist of Plaintiff's characterization of the FOIA, to which no response is required.  The statute speaks for itself and is the best evidence of its contents.

7.      The allegation contained in Paragraph 7 consists of a legal conclusion to which no response is required.

8.      The allegations contained in Paragraph 8 consist of legal conclusions to which no response is required.

9.      The allegations contained in Paragraph 9 consist of legal conclusions to which no response is required.

10.      The allegations contained in Paragraph 10 consist of legal conclusions to which no response is required.

11.     The allegations contained in Paragraph 11 consist of legal conclusions to which no response is required.

12.     The allegations contained in paragraph 12 consist of Plaintiff's characterization of DHS regulations, to which no response is required.  The regulations speak for themselves and are the best evidence of their contents.

13.     The allegations contained in paragraph 13 consist of legal conclusions to which no response is required.

14.     The allegation contained in paragraph 14 consists of a legal conclusion to which no response is required.

15.     The allegation contained in paragraph 15 consists of a legal conclusion to which no response is required.

16.     The allegation contained in paragraph 16 consists of a legal conclusion to which no response is required.

17.     The allegations contained in paragraph 17 consist of legal conclusions to which no response is required.

**FACTUAL BACKGROUND**

18.     The allegations contained in paragraph 18 consist of Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action to which a response would be required.

19.     The allegations contained in paragraph 19 consist of Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action to which a response would be required.

20.     The allegations contained in paragraph 20 consist of Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action to which a response would be required.

21.     The allegations contained in paragraph 21 consist of Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action to which a response would be required.

22.     The allegations contained in paragraph 22 consist of Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action to which a response would be required.

23.     The allegations contained in paragraph 23 consist of Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action to which a response would be required.

24.     The allegations contained in paragraph 24 consist of Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action to which a response would be required.

25.     The allegations contained in paragraph 25 consist of Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action to which a response would be required.

26.     The allegations contained in paragraph 26 consist of Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action to which a response would be required.

27.     The allegations contained in paragraph 27 consist of Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action to which a response would be required.

28.     The allegations contained in paragraph 28 consist of Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action to which a response would be required.

29.     The allegations contained in paragraph 29 consist of Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action to which a response would be required.

*Plaintiff's July 5, 2022 Freedom of Information Act Request*

30.     Defendant admits that Plaintiff submitted a July 5, 2022, FOIA request via email to the Defendant. The remainder of the allegations contained in paragraph 30 constitute Plaintiff's characterization of the FOIA request, which speaks for itself and is the best evidence of its contents. Defendant denies the allegations to the extent they are inconsistent with the request.

31.     Defendant admits that the July 5, 2022, FOIA request contained a fee waiver request. The remainder of the allegations contained in paragraph 31 constitute Plaintiff's characterization of the fee waiver request, which speaks for itself and is the best evidence of its contents. Defendant denies the allegations to the extent they are inconsistent with the fee waiver request.

32.     Defendant admits that the July 5, 2022, FOIA request contained a request for search and review fees to be waived. The remainder of the allegations contained in paragraph 32 constitute Plaintiff's characterization of this request, which speaks for itself and is the best

evidence of its contents.  Defendant denies the allegations to the extent they are inconsistent with the request.

33.     Defendant admits that Plaintiff requested expedited processing in its July 5, 2022, FOIA request.  The remainder of the allegations contained in paragraph 33 constitute Plaintiff's characterization of the request which speaks for itself and is the best evidence of its contents. Defendant denies the allegations to the extent they are inconsistent with the request.

34.     The allegations contained in paragraph 34 constitute Plaintiff's characterization of the expedited processing request which speaks for itself and is the best evidence of its contents. Defendant denies the allegations to the extent they are inconsistent with the request.

35.     Defendant admits that Plaintiff has not received a response to the July 5, 2022, FOIA request, and avers that it sent an acknowledgment letter dated August 4, 2022, via email on August 4, 2022, to the requester at an incorrect email address.

36.     The allegation contained in paragraph 36 consists of a legal conclusion to which a response is not required.

## PLAINTIFF'S CLAIMS FOR RELIEF

### CLAIM ONE
### (Wrongful Withholding of Non-Exempt Records)

37.     Defendant incorporates its responses to paragraphs 1–36 as if set forth fully herein.

38.     The allegations contained in paragraph 38 consist of legal conclusions to which no response is required.

39.     The allegations contained in paragraph 39 consist of legal conclusions to which no response is required.

40.     The allegations contained in paragraph 40 consist of legal conclusions to which no response is required.

## CLAIM TWO
### (Failure to Grant Expedition)

41.     Defendant incorporates its responses to paragraphs 1–40 as if set forth fully herein.

42.     The allegations contained in paragraph 42 consist of legal conclusions to which no response is required.

43.     The allegations contained in paragraph 43 consist of legal conclusions to which no response is required.

44.     The allegations contained in paragraph 44 consist of legal conclusions to which no response is required.

45.     The allegations contained in paragraph 45 consist of legal conclusions to which no response is required.

46.     The allegations contained in paragraph 46 consist of legal conclusions to which no response is required.

### <u>REQUESTED RELIEF</u>

The remaining portions of the Complaint contain Plaintiff's request or prayer for relief to which no response is required.  To the extent that a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

### <u>AFFIRMATIVE AND OTHER DEFENSES</u>

Any allegations not specifically admitted, denied, or otherwise responded to are hereby denied.  In further response to the Complaint, Defendant raises the following defenses.  Defendant respectfully reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation.

## FIRST DEFENSE

Some or all the records and requested information in Plaintiff's FOIA request are exempt in whole or in part under FOIA, and foreseeable harm would result from the release of this information. *See* 5 U.S.C. § 552(b).

## SECOND DEFENSE

Defendant has exercised due diligence in processing Plaintiff's FOIA request and exceptional circumstances exist that necessitate additional time for Defendant to complete its processing of Plaintiff's FOIA request. *See* 5 U.S.C. § 552(a)(6)(C).

## THIRD DEFENSE

The Court lacks subject matter jurisdiction over any requested relief that exceeds the relief authorized by FOIA.

## FOURTH DEFENSE

Plaintiff is not entitled to attorney's fees or costs.

\*      \*      \*

Dated: September 26, 2022
      Washington D.C.

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar # 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: _/s/ Dedra S. Curteman_ _____
DEDRA S. CURTEMAN, IL Bar #6279766
Assistant United States Attorney
U.S. Attorney's Office, Civil Division
601 D Street N.W.
Washington, D.C. 20530
Telephone: (202) 252-2550
dedra.curteman@usdoj.gov

*Counsel for Defendant*