UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PROJECT ON GOVERNMENT OVERSIGHT, INC.,<br><br>   *Plaintiff,*<br><br> v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>   *Defendant.* | Civil Action No. 22-2424 (ABJ) |

## DEFENDANT'S SUPPLEMENTAL STATUS REPORT

On February 21, 2022, the Parties submitted a joint status report pursuant to the Court's December 22, 2022, Order. ECF No. 10. Defendant, the U.S. Department of Homeland Security, by and through undersigned counsel, respectfully submits the following supplement to the February 21, 2022, joint status report regarding the above-captioned Freedom of Information Act ("FOIA") matter.

DHS estimates there are at least 267,845 pages of potentially responsive records. Following the Parties' filing of their joint status report, ECF No. 10, the undersigned counsel determined a mutually agreeable time to discuss Plaintiff's request and potential ways to narrow Plaintiff's request with their respective clients in one meeting. The Parties met on March 1, 2023 to discuss Plaintiff's FOIA request.

Following that meeting, on March 1, 2023, Plaintiff's counsel communicated with the undersigned at 1:54 p.m. that Plaintiff had agreed to eliminate from its request all supporting documents for the travel vouchers, and all calendar entry attachments, and that Plaintiff was uninterested in receiving any daily newsclips and the full annotated texts of published news articles. Plaintiff also indicated that it is willing to limit the search terms "New York Times,"

Washington Post," and CNN" for subpart 2 of the request to specific dates that it would provide in the future.

Thereafter, on March 2, 2023, at 12:41 p.m., Plaintiff's counsel provided date ranges for the terms "New York Times," "Washington Post," and "CNN." Plaintiff has also iterated that it continues to seek updated page counts of potentially responsive information following the removal of newly identified categories of documents for exclusion (i.e., voucher supporting documentation, calendar entry attachments, and news clippings) and the application of the date ranges to the three terms of subpart 2 of the request.

Plaintiff made its FOIA request on April 7, 2022. *See* ECF No. 1, Compl. ¶ 18. At that time, it was incumbent for Plaintiff to state with specificity, the information it sought. *See Dale v. IRS*, 238 F. Supp. 2d 99, 104 (D.D.C. 2002) ("[b]road, seeping requests lacking specificity are not sufficient.") At this juncture, eleven months after Plaintiff made its FOIA request, and despite multiple e-mails with Plaintiff's counsel with the Agency providing potential ways of narrowing Plaintiff's request, Plaintiff has not determined to exclude certain categories of information and include pertinent date ranges for certain search terms. Given this late development, Defendant needs time, beyond its initially anticipated date of March 25, 2023 for its first interim production, to research the agency's ability to remove certain types of records and attachments and to provide updated estimates of page counts to Plaintiff, if it is determined that removal is possible. After conferring with Plaintiff, it disputes that additional time is warranted beyond an additional ten days, for Defendant's first interim production to occur.

The undersigned counsel is committed toward continuing to work towards a mutual resolution with Plaintiff's counsel regarding its request that enables Plaintiff to obtain the documents it seeks within the constraints posed by Defendant's limited staffing and its current

FOIA workload.  As such, Defendant requests that it provide an update to the Court on or before March 25, 2023, as to its efforts to determine whether it has the capacity to exclude the categories of information identified by Plaintiff and if so, an updated potentially responsive page count, or alternatively, an updated page count to include Plaintiff's date ranges for certain terms, and make the first interim production on April 25, 2023.

Dated:  March 3, 2023    MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: */s/ Dedra S. Curteman*
DEDRA S. CURTEMAN, IL Bar #6279766
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
Telephone: (202) 252-2550

*Counsel for Defendant*