UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PROJECT ON GOVERNMENT OVERSIGHT, INC.,<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>*Defendant.* | Civil Action No. 22-2424 (ABJ) |

## PLAINTIFF'S SUPPLEMENTAL STATUS REPORT

This case concerns an expedited Freedom of Information Act ("FOIA") request Plaintiff Project on Government Oversight, Inc. ("POGO") filed with the Office of the Inspector General of Defendant U.S. Department of Homeland Security ("DHS") on July 5, 2022, for documents related to efforts by DHS Inspector General Joseph Cuffari to change and suppress findings from a report his office drafted on sexual misconduct by DHS law enforcement personnel, his and his leadership team's response to congressional and press inquiries about this report, and Inspector General Cuffari's government travel practices. Complaint ¶ 1. Plaintiff filed this lawsuit on August 15, 2022, after failing to receive any response from DHS to its FOIA request.

As described in a Joint Status Report the parties submitted on December 21, 2022 (ECF No. 9), POGO agreed in December 2022 to narrow three of the five sub-requests contained in its original FOIA request. DHS for its part committed to compiling its search results to derive an estimate of the number of potentially responsive records and determine a timetable for processing and producing non-exempt documents. Joint Status Report, Dec. 21, 2022.

In a subsequently filed Joint Status Report on February 21, 2023 (ECF No. 10), DHS advised the Court that although it had not yet completed processing the request, it had to date

located 260,659 pages of potentially responsive records. Joint Status Report, Feb. 21, 223. DHS proposed a schedule by which it would process 500 pages per month beginning on March 25, 2023. As Plaintiff explained, however, given the estimated volume of responsive documents the proposed timeframe would require over 521 months (more than 43 years) to complete processing. *Id.* Separately Plaintiff emphasized to Defendant its willingness to meet and discuss ways to further narrow its request.

Following Plaintiff's request for a meeting, the parties conferred on March 1, 2023. During that discussion DHS provided only limited information about page counts. For example, DHS was unable to identify which search terms in subcategory two were yielding a high page count, information that would help POGO narrow the request further. While DHS provided an overall page count of 61,339 for that part of the request seeking travel vouchers and supporting documentation it could not provide a breakdown of the volume of only responsive travel vouchers. Nor could DHS explain why its estimated page count for subcategory four seeking calendars for three specified individuals for a limited time period produced over 106,000 responsive documents.

Nevertheless, following this meeting Plaintiff advised Defendant that it was willing to eliminate one entire subcategory from its request as well as the requested supporting documentation for travel vouchers and any unannotated news articles. Plaintiff also narrowed the date range for three of the search terms in category two that likely were generating a lot of hits as potentially responsive records. Plaintiff requested that DHS in turn provide page counts for the remaining subcategories and commit to making an initial production by a date certain, proposing March 31, 2023, as that date. DHS was unwilling to make this commitment nor was DHS willing to commit in a status report that it would provide page counts.

On March 3, 2023, DHS filed a supplemental status report (ECF No. 11). Notably, this was not a joint status report because in conversations with POGO's counsel, DHS refused to include in the report a commitment to provide page counts for the remaining categories of records POGO seeks or a date certain for making its first production. In its latest Status Report, however, DHS indicated a willingness to provided updated page counts by March 25, 2023, and suggested a date certain (April 25, 2023) by which to make its first interim production—a willingness it had not previously indicated to POGO.

At the same time, DHS made the categorically false claim in its supplemental status report that "[a]t this juncture" Plaintiff has refused "to exclude certain categories of information" and also refused to "include pertinent date ranges for certain search terms." The opposite, in fact, is the case. Every search term in POGO's FOIA request is bounded by the time period of late July 2019 through the present (it formerly was July 1, 2019 through the present). Most recently POGO agreed to further limit the date ranges for certain search terms, and to exclude certain categories of information. This follows POGO's previous agreement in late November 2022 to eliminate from its request the following search terms: "Maloney", "Thompson", "House Oversight", "House Homeland Security", and/or "Senate Judiciary."

As this history reflects, POGO has diligently narrowed its request on multiple occasions and remains open to further narrowing should DHS provide it with more information. Sadly, its efforts have been met with resistance from DHS and its counsel and an unwillingness to provide basic information about the agency's searches. This lack of cooperation from DHS has led to the unfortunate spectacle of "he said, she said" filings.

POGO's FOIA request seeks documents of great public interest, specifically how DHS's top watchdog has overseen the department's handling of on-duty misconduct by DHS law

enforcement employees and substantiated violent off-duty misconduct relevant to those employee's law enforcement duties. In a letter to DHS Inspector General Cuffari the Chairs of the House Committee on Oversight and Reform and the House Committee on Homeland Security expressed concerns about his "ability to independently and effectively perform [his] duties as Inspector General," and call into question "whether [he is] able to perform high-quality audit work with integrity, objectivity, and independence, and provide accountability and transparency over government programs and operations." *See* Complaint ¶ 34. Those concerns remain and DHS's stonewalling in responding to the FOIA request at issue suggest an ongoing effort to prevent the truth about Inspector General Cuffari from coming to light.

Plaintiff therefore respectfully requests that the Court order DHS to provide Plaintiff with full page counts for the remaining requested categories of documents by March 10, 2023, so that the parties can determine an appropriate processing rate that recognizes any resource limitations DHS may face while also considering the age of this expedited request and its importance. Plaintiff further requests that DHS be directed to make its first interim production by March 31, 2023, consistent with its initial proposed date of March 25, 2023, and to make monthly updates to Plaintiff and the Court about its progress in processing POGO's FOIA request, beginning with the recently ordered status report to be filed on April 3, 2023.

Respectfully submitted,

/s/ *Anne L. Weisman*
Anne L. Weismann
(D.C. Bar No. 298190)
5335 Wisconsin Avenue, N.W.
Suite 640
Washington, D.C. 20015
(301) 717-6610
weismann.anne@gmail.com

Dated: March 3, 2023                                *Attorney for Plaintiff*