UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PROJECT ON GOVERNMENT
OVERSIGHT, INC.,

    Plaintiff,

  v.

DEPARTMENT OF HOMELAND
SECURITY,

    Defendant.

Civil Action No. 22-2424 (ABJ)

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO**
**PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT DISCOVERY**

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

DEDRA S. CURTEMAN
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia

*Attorneys for the United States of America*

**TABLE OF CONTENTS**

BACKGROUND ..................................................................................................................... 1

LEGAL STANDARD.............................................................................................................. 3

ARGUMENT ........................................................................................................................... 4

    I.    Plaintiff Has Not Met Its Burden to Warrant Discovery. ....................................... 4

CONCLUSION...................................................................................................................... 10

## **TABLE OF AUTHORITIES**

*Accuracy in Media, Inc. v. Dep't of Def.*,
  Civ. A. No. 14-1589 (EGS/DAR), 2020 WL 9439354 (D.D.C. Aug. 27, 2020) .......................... 4

*Am. Lumber Corp. v. Nat'l R.R. Passenger Corp.*,
  886 F.2d 50 (3d Cir. 1989) ........................................................................................................ 8

*Bonfilio v. OSHA*,
  320 F. Supp. 3d 152 (D.D.C. 2018) .......................................................................................... 3

*Bureau of Nat'l Affs., Inc. v. IRS*,
  24 F. Supp. 2d 90 (D.D.C. 1998) .............................................................................................. 4

*Cole v. Rochford*,
  285 F. Supp. 3d 73 (D.D.C. 2018) ............................................................................................ 4

*In re Clinton*,
  973 F.3d 106 (D.C. Cir. 2020) .................................................................................................. 4

*Military Audit Project v. Casey*,
  656 F.2d 724 (D.C. Cir. 1981) .................................................................................................. 4

*Nation Magazine v. U.S. Customs Serv.*,
  71 F.3d 885 (D.C. Cir. 1995) .................................................................................................... 5

*Ocasio v. Dep't of Just.*,
  67 F. Supp. 3d 438 (D.D.C. 2014) ............................................................................................ 8

*Pavement Coatings Tech. Council v. U.S. Geological Surv.*,
  995 F.3d 1014 (D.C. Cir. 2021) ................................................................................................ 3

*Renegotiation Bd. v. Bannercraft Clothing Co., Inc.*,
  415 U.S. 1 (1974) ...................................................................................................................... 8

*SafeCard Servs., Inc. v. S.E.C.*,
  926 F.2d 1197 (D.C. Cir. 1991) ................................................................................................ 9

*Shapiro v. Dep't of Just.*,
  40 F.4th 609 (D.C. Cir. 2022) ................................................................................................... 5

*Thomas v. Dep't of Health & Human Servs.*,
  587 F. Supp. 2d 114 (D.D.C. 2008) .......................................................................................... 3

Defendant, the Department of Homeland Security ("Agency"), through undersigned counsel, respectfully requests that the Court deny Plaintiff, the Project on Government Oversight's, Motion for Leave to Conduct Discovery, ECF No. 19. *See also* ECF No. 19-1, Memorandum in Support of Motion ("Mem."). Plaintiff has not made a showing that the Agency or the Agency's Office of the Inspector General ("Office") is engaged in bad faith to warrant discovery, which courts have recognized as an extraordinary remedy in Freedom of Information Act ("FOIA") cases. The alleged bad faith that Plaintiff relies upon mischaracterizes Inspector General Joseph Cuffari's June 6, 2023, Congressional testimony and in any event, the Inspector General does not recall sending or receiving text messages on his government cellphone which were responsive to Plaintiff's FOIA request, and the use of his government cellphone was otherwise consistent with the Office's information technology policy. Plaintiff's Motion for Leave to Conduct Discovery attempts to bypass its civil litigation obligations to use FOIA as a mechanism for discovery into what it believes may be Federal Records Act violations. Accordingly, and for the reasons described below, this Court should deny Plaintiff's motion.

## BACKGROUND

Plaintiff made its FOIA request on July 5, 2022, and filed its complaint on August 18, 2022. ECF No. 1. Plaintiff's FOIA request seeks multiple categories of information, which is thoroughly described in Defendant's Memorandum in Opposition to Plaintiff's Motion for a Processing Order, ECF No. 17, at 4-10.[1] Following the Office's receipt of Plaintiff's request, it assigned the request to a government information specialist in the Office's FOIA unit (the "FOIA Unit"), who subsequently assigned the request and issued records search taskings to various Office

---

[1] Page citations refer to the numbering located in the footer of each filing.

components, which the government information specialist believed to possess responsive information.  *See* Chigewe Decl. ¶ 9.

Pertinent to Plaintiff's motion for leave to conduct discovery, Plaintiff seeks, among other items, "text messages (including messages in apps such as Signal) to and from and/or in the possession of Inspector General Joseph Cuffari . . . mentioning 'sexual harassment[,]' 'sexual misconduct[,]' 'domestic violence,' 'Lafayette Square[,]' 'Plaintiff[,]' 'Project on Government Oversight[,]' 'Schwellenbach[,]' 'Zagorin[,]' Washington Post[,]' "New York Times[,]' 'CNN[,]' 'Durbin[,]' 'Grassley[,]' 'Maloney[,]' 'Thompson[,]' 'House Oversight[,]' 'House Homeland Security[,]' and/or 'Senate Judiciary.'"  ECF No. 1 ¶ 30.  On November 29, 2022, Plaintiff made a re-scoping request to the sub-request concerning text messages (sub-request 2), to include an elimination of the search terms "domestic violence," "Thompson," "Maloney," "House Oversight," "House Homeland Security," and "Senate Judiciary."  ECF No. 17, Ex. 3, November 29, 2022 Emails.  On December 6, 2023, Plaintiff made a re-scoping request to sub-request 2 and applied a date change, from July 26, 2019 to the date of the search.  ECF No. 17, Ex. 4, Dec. 6, 2022, Email.  On March 2, 2023, Plaintiff changed the search date ranges for three news organizations listed in sub-request 2, including, the Washington Post, the New York Times, and CNN, to include April 16, 2021 through April 23, 2021, and July 20, 2022, through September 23, 2022, for the Washington Post; June 14, 2021, through July 2, 2021, and April 5, 2022, through August 13, 2022, for the New York Times; and February 8, 2022, through August 13, 2022, for CNN.  ECF No. 17-5, March 2, 2023, Email.  On March 23, 2023, Plaintiff made a re-scoping request for sub-request 2, to change the search date to May 31, 2020, until the date of the search.  ECF No. 17-7, March 23, 2023, Email.  On March 24, 2023, Plaintiff provided specific reporter

affiliations for each news service identified in sub-request 2.  ECF No. 17-8, March 24, 2023, Email.

Following June 6, 2023, Congressional testimony provided by Inspector General Cuffari to the House of Representatives Subcommittee on Oversight and Accountability, during which Plaintiff alleges that Inspector General Cuffari testified that he deleted text messages on his government phone, Mem. at 2-3, Plaintiff filed the instant Motion, in which it requests that the Court permit it to take discovery of Inspector General Cuffari, in addition to other Inspector General personnel "who discovered [Inspector General] Cuffari's practice of deleting his text messages and proposed appropriate next steps."  ECF No. 19-1, at 6-7.  Plaintiff proposes approximately thirteen topics of questioning it intends to elicit from Inspector General Cuffari and other personnel, including but not limited to, the timing of the alleged text messages deletion and when personnel learned of the alleged text messages deletion, when and how often Inspector General Cuffari allegedly deleted text messages, the Agency's plan to investigate the alleged text messages deletion, the Agency's counsel's role in investigating the allegations and recommending appropriate next steps, and on what basis Inspector General Cuffari "made a unilateral decision that his text messages are not federal records?".  *Id*. at 7.

## LEGAL STANDARD

This Court and the D.C. Circuit have repeatedly held that "discovery is rarely appropriate in FOIA cases."  *Pavement Coatings Tech. Council v. U.S. Geological Surv.*, 995 F.3d 1014, 1024 (D.C. Cir. 2021); *see also, e.g.*, *Bonfilio v. OSHA*, 320 F. Supp. 3d 152, 157 (D.D.C. 2018) (Cooper, J.) ("Discovery is strongly disfavored in FOIA cases."); *Thomas v. Dep't of Health & Human Servs.*, 587 F. Supp. 2d 114, 115 n.2 (D.D.C. 2008) ("[D]iscovery is an extraordinary procedure in a FOIA action[.]").

"[T]he scope of the discovery permitted in [FOIA] actions lies in the court's discretion." *Bureau of Nat'l Affs., Inc. v. IRS*, 24 F. Supp. 2d 90, 92 (D.D.C. 1998).  Courts in this District have permitted discovery in FOIA litigation only in extraordinary circumstances, when "a FOIA plaintiff 'raises a sufficient question as to the agency's good faith in searching for or processing documents' or 'agency affidavits do not provide information specific enough to enable [the plaintiff] to challenge the procedures utilized.'"  *Accuracy in Media, Inc. v. Dep't of Def.*, Civ. A. No. 14-1589 (EGS/DAR), 2020 WL 9439354, at *12 (D.D.C. Aug. 27, 2020) (alteration in original) (quoting *Cole*, 285 F. Supp. 3d at 76).  Where agency affidavits are "reasonably detailed," and "submitted in good faith," "discovery is ordinarily denied."  *Cole v. Rochford*, 285 F. Supp. 3d 73, 77 (D.D.C. 2018) (cleaned up).

## ARGUMENT

### I.  Plaintiff Has Not Met Its Burden to Warrant Discovery.

Plaintiff has not raised a sufficient question as to the Agency's good faith to warrant discovery.  And as described in the accompanying FOIA Unit Director Okechi Chigewe and Inspector General Joseph Cuffari Declarations ("Chigewe Decl." and "Cuffari Decl." respectively), the Agency has acted consistently in good faith.  As the D.C. Circuit has repeatedly made clear, "discovery in a FOIA case is rare" and courts should generally order it only "where there is evidence—either at the affidavit stage or (in rarer cases) before—that the agency acted in bad faith in conducting the search."  *In re Clinton*, 973 F.3d 106, 113 (D.C. Cir. 2020) (internal quotation marks omitted).  Discovery is not warranted "when it appears that discovery would only . . . afford [the plaintiff] an opportunity to pursue a bare hope of falling upon something that might impugn the affidavits."  *Military Audit Project v. Casey*, 656 F.2d 724, 751-52 (D.C. Cir. 1981) (affirming discovery denial where plaintiffs failed to raise "substantial questions concerning the

4

substantive content of the [defendants'] affidavits"). Even where the Circuit has found an agency's affidavits to be inadequate, it has held that the appropriate remedy is usually to allow the agency to "submit further affidavits" rather than to order discovery. *Nation Magazine v. U.S. Customs Serv.*, 71 F.3d 885, 892 (D.C. Cir. 1995); *see also Shapiro v. Dep't of Just.*, 40 F.4th 609, 615 (D.C. Cir. 2022) (district court did not abuse its discretion in denying plaintiff's request for extensive document productions and depositions of FBI personnel). Three reasons dictate this Court finding that the Agency acted in good faith and Plaintiff has not met its burden to warrant the extraordinary remedy of discovery.

*First*, as described in the Chigewe declaration, the FOIA Unit followed its internal processes and procedures in assigning Plaintiff's FOIA request to various offices for responses. *See generally* Chigewe Decl. Specifically, the FOIA Unit reviewed the request to decide which Office program components and the various points of contacts within each program component had responsive records to the FOIA request and that it is incumbent on the FOIA points of contact to identify sub-offices and employees who may have responsive information. *Id.* ¶ 9.

On September 20, 2022, the FOIA Unit sent a search tasking to the FOIA points of contacts in various Office components, including, the Office of Audits, the former Office of Special Reviews and Evaluations (currently, the Office of Inspections and Evaluations), the front office, and Information Technology. *Id.* ¶ 10. The front office is comprised of the Inspector General, the Principal Deputy Inspector General, the Chief of Staff, and the Counsel and Deputy Counsel. The FOIA point of contact for the Office's front office is the executive assistant. *Id.* ¶ 11. The September 20, 2022, search tasking, FOIA request, and search form were sent to the front office executive assistant with a copy to the Inspector General's Chief of Staff for distribution to all front

5

office employees, who may have responsive records, to complete their searches and return all responsive records and completed search forms to the FOIA Unit. *Id.*

In addition, on December 2, 2022, the FOIA Unit sent search taskings to each of the front office custodians named in the FOIA request (i.e., Inspector General Joseph Cuffari, Principal Deputy Inspector General Glenn Sklar, and Chief of Staff Kristen Fredricks). *Id.* ¶ 13. The search tasking email, in part, asked that the custodian conduct a search for responsive records and complete and sign the search form attached to the email. *Id.* In addition, custodians were advised that "[a]ny delegation of the search responsibility to an executive assistant, should be in writing and the designated employee should be well-versed in the manner in which you save/store/retain records and must have access to all computer system locations in order to conduct the search." *Id.* The FOIA Unit requested that custodians upload all responsive records to a specific shared drive location on or before December 21, 2022. *Id.* As explained in the Chigewe Declaration, the FOIA Unit followed appropriate Agency procedure for gathering responsive information. *See* Chigewe Decl.

Plaintiff alleges the Agency's bad faith is that Inspector General Cuffari testified in a June 6, 2023, Congressional hearing that he "uses his [government phone] 'to conduct business,' [and] that his 'normal practice' is to delete them," Mem. at 2-3, and that an Office employee confirmed Inspector General Cuffari's mass deletion of text messages in December 2022, *id.* at 3. As a second basis to deny Plaintiff's Motion, this Court should find that Plaintiff's characterization of the June 6, 2023, Congressional testimony is not only incorrect, but also that Plaintiff has not demonstrated Agency bad faith. Inspector General Cuffari's June 6, 2023, Congressional testimony was that his practice was not to conduct Agency official business via text messaging on his government-issued cellular phone. *See* Cuffari Decl. ¶ 3 (emphasis added). *See also* "DHS

Inspector General Confirms He Deletes Text Messages from Government Phone," https://thehill.com/homenews/4037696-cuffari-dhs-inspector-general-deletes-texts-phone/ (last accessed June 25, 2023).  In testimony the Inspector General provided to the House of Representatives Subcommittee on Oversight and Accountability on June 6, 2023, the Inspector General stated that while he deleted text messages, "I don't use my government cellphone to conduct official business."  "DHS Inspector General Confirms He Deletes Text Messages from Government Phone," https://thehill.com/homenews/4037696-cuffari-dhs-inspector-general-deletes-texts-phone/ (last accessed June 25, 2023) (noting that Inspector General Cuffari answered "yes" when asked during an appearance before the House Oversight Committee if he deletes text messages from his phone and that Inspector General Cuffari further testified that "I don't use my government cellphone to conduct official business.").  *See also* "Help Wanted: Law Enforcement Staffing Challenges at the Border," June 6, 2023, https://oversight.house.gov/hearing/help-wanted-law-enforcement-staffing-challenges-at-the-border/ (last accessed June 28, 2023), at 1:38:50 (Inspector General Cuffari noting that "it's also fair to note that I don't use my government cellphone to conduct official business").

While Plaintiff's motion is premised on its belief that Inspector General Cuffari deleted responsive text messages, both his testimony and declaration make clear that he did not conduct official Agency business on his government cell phone and does not recall sending or receiving text messages on his government cell phone responsive to Plaintiff's FOIA request.  Cuffari Decl. ¶ 4.  At best, then, Plaintiff's request for the extraordinary FOIA remedy of discovery is to obtain information that does not bear on whether the relevant question for this litigation—whether the Agency complied with its FOIA obligations.  The resounding answer to that question, as the record evidence demonstrates, is that the Agency dutifully complied.

7

*Third*, in any event, Inspector General Cuffari complied with Agency policy. The Office's Records and Information Management Program Directive, Ex. 1, instructs that Office "personnel . . . [n]ot use instant messaging (e.g., text or Lync) to document business decisions or activities." *Id*. at 2. Consistent with this directive, Inspector General Cuffari did not conduct official Agency business using text messaging on his government cell phone. Cuffari Decl. ¶ 2. Plaintiff's position that Inspector General Cuffari deleted text messages is nothing but a red herring given his testimony that he did not conduct official Agency business using his government cell phone, which is consistent with Agency policy.

Last, the Court should deny Plaintiff's motion because it seeks to depose Inspector General Cuffari and other Agency personnel, regarding matters that are well-beyond FOIA and whether the Agency complied with FOIA. Plaintiff attempts to vastly expand allowable remedies under FOIA, to conduct discovery into the Agency's personnel's alleged violations of the Federal Records Act. *See* Mem. at 7 (proposing the questioning of Inspector General Cuffari and other Agency personnel concerning when individuals within the Agency learned of the alleged mass deletion of text messages, what steps those individuals took after learning of the alleged mass deletion, when and how often Inspector General Cuffari deleted his text messages, and under what authority Cuffari made a "unilateral decision that his text messages are not federal records," among other topics of questioning). But FOIA is not a mechanism to conduct discovery into the alleged violations of other laws. *See Ocasio v. Dep't of Just.*, 67 F. Supp. 3d 438, 440-41 (D.D.C. 2014) (finding that plaintiff could not use his FOIA action to seek documents from non-parties regarding alleged violations of other laws); *see also Am. Lumber Corp. v. Nat'l R.R. Passenger Corp.*, 886 F.2d 50, 55 (3d Cir. 1989) ("the Supreme Court has generally looked with disfavor upon parties that have tried to use the FOIA to circumvent the discovery rules"); *Renegotiation Bd. v.*

8

*Bannercraft Clothing Co., Inc.*, 415 U.S. 1, 24 (1974) ("discovery for litigation purposes is not an expressly indicated purpose of [FOIA]").  Irrespective of Plaintiff's allegations of bad faith, which it has not demonstrated, Plaintiff's Motion seeks to create an end-run around its civil litigation responsibilities to conduct discovery into an unrelated alleged violation of a different law.  The Court should reject this as an impermissible use of FOIA.

The Court should deny Plaintiff's Motion because by all accounts, the Agency has complied with its FOIA responsibilities, and Plaintiff has not shown the Agency's bad faith.  As the D.C. Circuit recognized in *SafeCard Servs., Inc. v. S.E.C.*, 926 F.2d 1197, 1201 (D.C. Cir. 1991), "[i]f the agency is no longer in possession of the document, for a reason that is not itself suspect, then the agency is not improperly withholding that document, and the court will not order the agency to take further action in order to produce it."  Based on the evidence before this Court, and as Inspector General Cuffari testified, he did not conduct official Agency business via text messages on his government cell phone; thus his own deletion of text messages does not warrant discovery.  Moreover, the Agency has not acted in bad faith because it has implemented procedures for the handling of text messages by its employees and processes for the tasking of locating responsive documents under the FOIA. In any event, the Agency does not have responsive text messages from Inspector General Cuffari and any court-ordered discovery will not change that outcome.  The Agency has, in all respects, complied with its FOIA obligations.

\*   \*   \*

## CONCLUSION

For all the reasons set forth above, this Court should deny Plaintiff's motion.

Dated: June 29, 2023
Washington, DC

                          Respectfully submitted,

                          MATTHEW M. GRAVES, D.C. Bar #481052
                          United States Attorney

                          BRIAN P. HUDAK
                          Chief, Civil Division

                          By:      */s/ Dedra S. Curteman*
                                DEDRA S. CURTEMAN
                                Assistant United States Attorney
                                601 D Street, NW
                                Washington, DC 20530
                                (202) 252-2550

                          *Attorneys for the United States of America*