UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PROJECT ON GOVERNMENT
OVERSIGHT, INC.,

        Plaintiff,

    v.

DEPARTMENT OF HOMELAND
SECURITY,

        Defendant.

Civil Action No. 22-2424 (ABJ)

## DEFENDANT'S [PROPOSED] SURREPLY

By and through undersigned counsel, Defendant, the Department of Homeland Security, Office of the Inspector General ("Office") respectfully submits this proposed surreply in further opposition to Plaintiff's, the Project on Government Oversight's, motion for leave to take discovery, ECF No. 19 ("Pl's Mot."), 19-1 ("Mem. in Support"). Because Plaintiff impermissibly relies on attorney-client privileged information and misunderstands the record, this Court should decline to consider the information quoted by Plaintiff for the proposition that the Office's personnel concluded it is "very likely" that federal records were destroyed. ECF No. 24 ("Pl's Reply") at 2.

## BACKGROUND

On July 5, 2023, Plaintiff filed a reply in further support of its motion for leave to take discovery in this FOIA matter. *See generally* Pl's Reply. There, Plaintiff, through counsel, cites information that the Office determined was exempt from disclosure under various FOIA Exemptions, due to: an unspecified statute's protection of the information (Exemption 3); the attorney-client privilege and the deliberative process privilege (Exemption 5); that disclosure of

this information, contained in a personnel file, would constitute a clearly unwarranted invasion of personal privacy (Exemption 6); and the fact that the information was compiled for law enforcement purposes (Exemption 7(C)). *See* ECF No. 24-1, Ex. A, at 6 (referring to the full paragraph redacted at the bottom of the page).[1] Plaintiff has attached the redacted December 22, 2022, email as Exhibit A. *See id.* The December 22, 2022, email prominently features an unredacted warning at the bottom of the communication that the communication carries the "Attorney-Client" Communication and "Attorney Work Product" Privileges. *See id.*

On reply and in support of Plaintiff's attempt to show that the Office acted in bad faith, counsel for Plaintiff states:

> Moreover, staff of DHS's Office of Inspector General ("OIG") apparently disagreed with IG Cuffari's assessment of the non-record status of at least some of his deleted text messages, including ones responsive to Plaintiff's FOIA request. Plaintiff understands that an internal DHS OIG email sent on December 22, 2022, which described the search OIG had conducted for documents responsive to Plaintiff's FOIA request, stated that due to IG Cuffari's deletion of all his text messages it is "very likely" that federal records were destroyed.

Pl's Reply at 2. Counsel goes on to indicate that the Office redacted "key substantive parts, including the 'very likely' language" and that "[t]his purposeful redaction of information that directly refutes Defendant's claims . . . provides yet more evidence of the agency's bad faith." *Id.* at 3.

Upon reviewing the reply—where, as noted above, Plaintiff's counsel indicated having some knowledge of certain redacted portions of a privileged email—the undersigned contacted Plaintiff's counsel and asked that she confirm whether counsel possessed unredacted attorney-client privileged and attorney work product privileged information and that if so, she cease from

---

[1] Page references to documents filed on the Court's Docket refer to the pagination located in the ECF-generated header of each page.

using the information in furtherance of the litigation. *See* Ex. 1, July 7, 2023, Email. In response, Plaintiff's counsel stated that "as noted in our reply our representations were based on our understanding as to the contents of an email, and as such, were proper." *Id.*[2]

## **ARGUMENT**

Plaintiff intends to give the Court reason to believe that the Agency has acted in bad faith by using incorrectly quoted language. *See* Pl's Reply at 3 (stating that "[t]his purposesful redaction of information that directly refutes Defendant's claims . . . provides yet more evidence of the agency's bad faith."). The redacted record, however, does not support Plaintiff's conclusion, and Plaintiff, for its part, has failed to give the Court a complete understanding of the record by incorrectly implying that the redacted language includes a definitive conclusion that the Office's personnel "very likely" destroyed federal records. As part of the Court's "inherent authority to control and preserve the integrity of [its] judicial proceedings," *Pub. Citizen Health Rsch. Grp. v. FDA*, 953 F. Supp. 400, 405 (D.D.C. 1996) (cleaned up), at a minimum, the Court should decline

---

[2] To be clear, this filing in no manner implicates Plaintiff's separate journalistic pursuits or the First Amendment as noted in counsel's email but rather pertains solely to the use of privileged communications during litigation. *See* Ex. 1, July 7, 2023, Email. While journalists may have few obligations regarding the handling and dissemination of privileged materials, an attorney practicing in the District of Columbia has an affirmative obligation while representing their clients to avoid using privileged information when knowing that such information was disclosed inadvertently or without authority. *See Resol. Tr. Corp. v. First of Am. Bank*, 868 F. Supp. 217, 220 (W.D. Mich. 1994) (finding that reviewing privileged document knowing it was inadvertently produced was improper); ABA Formal Opinion 92-368 (Nov. 10, 1992) ("The Opinion concludes that the receiving lawyer should not examine the materials once the inadvertence is discovered, should notify the sending lawyer of their receipt, and should abide by the sending lawyer's instructions as to their disposition.") (withdrawn by ABA upon adoption of Model Rule 4.4(b)). These authorities are cited only to rebut Plaintiff's suggestion that an attorney representing a public interest group that employs certain journalists changes the analysis of the issues presented here and not intended to allege that Plaintiff's counsel has violated the applicable rules of professional responsibility.

to consider the quoted language because Plaintiff has not offered evidence from anyone purporting to have personally reviewed the information and counsel's conclusion misunderstands the record.

*First*, Plaintiff's reply uses quotation marks to suggest that the June 22, 2022, email states that the Office personnel determined that it was "'very likely' that federal records were destroyed." Pl's Reply at 2. That counsel has personally reviewed the information is unclear. *See* Ex. 1, July 7, 2023 Email. When questioned with the assertion as to whether Plaintiff's counsel possessed attorney-client privileged information, counsel stated that the "representations were based on our understanding as to the contents of an email." Ex. 1, July 7, 2023, Email. In any event, Plaintiff's counsel has given no information to the Court that either she personally reviewed the information at issue or that another source has personally reviewed the information and can attest to the information's contents and conclusions.

*Second*, Plaintiff has inaccurately described the record. As demonstrated in the Chigewe Declaration, without waiving the Department's privileges and FOIA exemptions, Mr. Chigewe has personally reviewed the redacted information and compared it against Plaintiff's assertion that Departmental personnel definitively concluded that it is "very likely" that federal records were destroyed. Chigewe Decl. ¶ 11. Contrary to Plaintiff's assertion to the Court that the Office purposefully redacted this language, the redacted information does not include the language Plaintiff suggests is present—that the Office concluded it is "very likely" that federal records were destroyed—and misunderstands the complete contents of the record. *See id*.

*Third*, Plaintiff's attempt to allege "bad faith" on the part of the Office, *see* Reply, at 2, by suggesting that the Agency redacted information consistent with its FOIA obligations, is baseless. The proper redaction of non-segregable, exempt information under FOIA is not evidence of the Office's bad faith; rather, the redaction of non-segregable, exempt information is entirely

consistent with the Office's FOIA obligations. As outlined in its opposition to Plaintiff's motion for discovery, ECF No. 23, the Office has discharged and continues to discharge its obligations in good faith under FOIA despite Plaintiff's assertions that discovery is warranted to determine whether the Inspector General purposefully destroyed records responsive to Plaintiff's FOIA request, a point that is directly rebutted by the Inspector General's supporting declaration, ECF No. 24-2. While Plaintiff may take issue with the Inspector General's declaration submitted in this matter, ECF No. 23-2, that he did not conduct official business via text messages on his government-issued cellular phone and does not recall sending or receiving text messages on his government-issued cellular phone pertaining to Plaintiff's FOIA request, the Court should disallow Plaintiff to malign the Office's efforts to comply with its obligations under FOIA, obligations which the Office's personnel have faithfully and reasonably discharged.

## CONCLUSION

The Court should decline to consider Plaintiff's argument that Departmental personnel definitively concluded it is "very likely" that federal records were destroyed.

Dated: July 11, 2023  
　　　　Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052  
United States Attorney

BRIAN P. HUDAK  
Chief, Civil Division

By: 　　　/s/ Dedra S. Curteman　　　  
　　　DEDRA S. CURTEMAN  
　　　Assistant United States Attorney  
　　　601 D Street, NW  
　　　Washington, DC 20530  
　　　(202) 252-2550

*Attorneys for the United States of America*